**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

**CASE NO.: 1:20-cv-05937**

MINDEN PICTURES, INC.,

       Plaintiff,

v.

W3 MARKETS LLC DBA PROSMOKE,

       Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff MINDEN PICTURES, INC. by and through its undersigned counsel, brings this Complaint against Defendant W3 MARKETS LLC DBA PROSMOKE for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.    Plaintiff MINDEN PICTURES, INC. ("Minden") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Minden's original copyrighted Works of authorship in its Works.

2.    Minden is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories. Minden's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions. Minden also features images of human interaction with the natural world highlighting natural science research, conservation, environmental issues, indigenous peoples, and eco travel.

3.      Defendant W3 MARKETS LLC DBA PROSMOKE ("ProSmoke") is the manufacturer of electronic cigarettes, disposable e-cigarettes and vaporizers.  At all times relevant herein, ProSmoke owned and operated the internet website located at the URL www.prosmokestore.com (the "Website").  ProSmoke's Website is designed for retail sales, and information regarding its brand, displaying a list of 10 reasons "why to buy prosmoke."

4.      Minden alleges that ProSmoke copied Minden's copyrighted Works from the internet in order to advertise, market and promote its business activities.  ProSmoke committed the violations alleged in connection with ProSmoke's business for purposes of advertising and promoting sales to the public in the course and scope of the ProSmoke's business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Defendant is subject to personal jurisdiction in Illinois.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9.      W3 Markets LLC dba ProSmoke is an Illinois Limited Liability Company, with its principal place of business at 313 Collin Circle, Bloomingdale, Illinois, 60108, and can be served by serving its Registered Agent, Registered Agents Inc., 1900 East Golf Road, Suite 950A, Schaumburg, Illinois, 60173.

## THE COPYRIGHTED WORKS AT ISSUE

10.　　In 2007, Minden created the photographs entitled 00270193, and 00270171, which are shown below and referred to herein as the "Works".





11. Minden registered the Work with the Register of Copyrights on January 16, 2009 and was assigned the registration number VA 1-700-964. The Certificate of Registration is attached hereto as Exhibit 1.

12. Minden's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

13. At all relevant times Minden was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. ProSmoke has never been licensed to use the Works at issue in this action for any purpose.

15. On a date after the Works at issue in this action were created, but prior to the filing of this action, ProSmoke copied the Works.

16. On or about November 21, 2018, Minden discovered the unauthorized use of its Works on the Website featured on an article for the "first ever underwater electronic cigarette". The article was posted on or about April 1, 2014.

17. ProSmoke copied Minden's copyrighted Works without Minden's permission.

18. After ProSmoke copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its electronic cigarette manufacturing and sales business.

19. ProSmoke copied and distributed Minden's copyrighted Works in connection with ProSmoke's business for purposes of advertising and promoting ProSmoke's business, and in the course and scope of advertising and selling products and services.

20.     Minden's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21.     ProSmoke committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22.     Minden never gave ProSmoke permission or authority to copy, distribute or display the Works at issue in this case.

23.     Minden notified ProSmoke of the allegations set forth herein on January 24, 2020. To date, the parties have failed to resolve this matter.  A copy of the Notice to ProSmoke is attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

24.     Minden incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Minden owns a valid copyright in the Works at issue in this case.

26.     Minden registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27.     ProSmoke copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Minden's authorization in violation of 17 U.S.C. § 501.

28.     ProSmoke performed the acts alleged in the course and scope of its business activities.

29.     ProSmoke's acts were willful.

30.     Minden has been damaged.

31.     The harm caused to Minden has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant W3 Markets LLC dba ProSmoke that:

a.      Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.      Defendant be required to pay Plaintiff its actual damages and ProSmoke's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c.      Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Plaintiff be awarded pre and post-judgment interest; and

e.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: October 6, 2020                    Respectfully submitted,


*/s/Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com
CRAIG A. WIRTH
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone

6
**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

561.404.4353 – Facsimile

*Attorneys for Plaintiff Minden Pictures, Inc.*